NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                      :
ROSE RAMEY,                           :
                                      :
            Petitioner,               :
    v.                                :   CIVIL ACTION NO. 07-4495 (JAP)
                                      :
WILLIAM HAUCK, et al.,                :   **OPINION**
                                      :
            Respondents.              :
_____:

APPEARANCES:

Rose Ramey
#408661
Edna Mahan Correctional Facility-North Hall
P.O. Box 4004
Clinton, New Jersey
    *Pro Se, Petitioner*

Mary R. Juliano
Assistant Prosecutor
Monmouth County Prosecutor's Office
Monmouth County Court House
71 Monument Park
Freehold, New Jersey 07728-1789
    *Attorney for Respondents, William Hauck and Attorney General for the State of New Jersey*

PISANO, District Judge.

On September 20, 2007, Petitioner Rose Ramey ("Ramey" or "Petitioner"), a prisoner currently confined at the Edna Mahan Correctional Facility ("Correctional Facility") in Clinton, New Jersey, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner named as respondents William Hauck, Administrator of the Correctional Facility, and the

-1-

Attorney General of the State of New Jersey (collectively, "Respondents"). Essentially, Petitioner claims that she is entitled to relief under section 2254 because her trial counsel denied her effective assistance by failing to produce mitigation evidence relevant during sentencing and, thereby, her sentence is illegal as the state trial court failed to consider that evidence. On January 31, 2008, Respondents filed an Answer, seeking the Court to deny the relief sought. For the reasons set forth below, the Court denies the Petition.

**I.      BACKGROUND**

The present petition arises from a sentence entered by the Superior Court of New Jersey on June 16, 2000, when the trial judge sentenced Petitioner in accordance with her plea agreement to an aggregate term of incarceration of twenty-two years, subject to a mandatory period of parole ineligibility under the New Jersey No Early Release Act, N.J.S.A. 2C:43-7.2, ("NERA"). On April 10, 2000, before a Monmouth County Superior Court judge, Petitioner pled guilty to (1) second-degree robbery, in violation of N.J.S.A. 2C:15-1, (2) third-degree receiving stolen property, in violation of N.J.S.A. 2C:20-7a, (3) third-degree possession of a controlled dangerous substance, in violation of N.J.S.A. 2C:35-10a(1), (4) second-degree conspiracy, in violation of N.J.S.A. 2C:5-2, (5) second-degree burglary, in violation of N.J.S.A. 2C:18-2, (6) first-degree robbery, in violation of N.J.S.A. 2C:15-1, (7) first-degree kidnaping, in violation of 2C:13-1b, and (8) third-degree burglary, in violation of N.J.S.A. 2C:18-2.[1]

Pursuant to a plea agreement, the Monmouth County prosecutor agreed to recommend to the judge a twenty-two-year incarceration term, subject to an eighty-five percent period of parole

---

[1] Petitioner does not challenge her conviction of these offenses, but, rather, only her sentence. Accordingly, the Court refrains from discussing at length the underlying facts leading to these charges, but will discuss only those facts relevant to Petitioner's sentencing.

ineligibility, for the first-degree kidnaping charge, to run concurrently to the other sentences, in addition to restitution to the victims and credit for time served.  On June 16, 2000, the trial court sentenced Petitioner in accordance with that plea agreement.  In sentencing, the trial court considered Petitioner's presentence report, which informed the court of Petitioner's substance abuse and continual psychiatric treatment for depression, anxiety, and suicidal thoughts.  After considering Petitioner's presentence report, as well as victim impact statements, the trial court found the existence of six aggravating factors pursuant to N.J.S.A. 2C:44-1a[2] and determined that no mitigating factors existed pursuant to N.J.S.A. 2C:44-1b.  Moreover, the trial court concluded that the aggravating factors outweighed the mitigating factors and determined that sentencing in accordance with the plea agreement was appropriate.

On August 14, 2000, Petitioner appealed her sentence to the Appellate Division of the Superior Court of New Jersey.  Petitioner argued that her sentence is excessive because the trial court failed to consider her severe mental illness as a mitigating factor, as defined in N.J.S.A. 2C:44-1b(4).  The Appellate Division, in an Order dated May 15, 2001, held that, pursuant to state law, Petitioner's sentence "is not manifestly excessive or unduly punitive and does not

---

[2] The trial court found the following aggravating factors:  "[t]he nature and circumstances of the offense, and the role of the actor therein, including whether or not it was committed in an especially heinous, cruel, or depraved manner[,]" N.J.S.A. 2C:44-1a(1); "[t]he gravity and seriousness of harm inflicted on the victim," including that Petitioner "knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, . . . or was for any other reason substantially incapable of exercising normal physical or mental power of resistance[,]" N.J.S.A. 2C:44-1a(2); "[t]he risk that [Petitioner] will commit another offense[,]" N.J.S.A. 2C:44-1a(3); "[t]he extent of [Petitioner's] prior criminal record and the seriousness of the offenses of which [s]he has been convicted[,]" N.J.S.A. 2C:44-1a(6); "[t]he need for deterring the defendant and others from violating the law[,]" N.J.S.A. 2C:44-1a(9); and "[Petitioner] committed the offense against a person who [s]he knew or should have known was 60 years of age or older," N.J.S.A. 2C:44-1a(12).

constitute an abuse of discretion." *State v. Ramey*, A-6951-99 (App. Div. May 15, 2001). Accordingly, the Appellate Division affirmed Petitioner's sentence. On July 16, 2001, Petitioner filed a petition for certification before the Supreme Court of New Jersey, in which she again claimed that the trial court imposed an excessive sentence on her by failing to find her serious mental problems as a mitigating factor. The Supreme Court of New Jersey denied that petition. *State v. Ramey*, 170 N.J. 86 (Sept. 10, 2001).

On March 8, 2004, Petitioner filed a petition for post-conviction relief ("PCR") in the Law Division of the Superior Court of Monmouth County. In pertinent part, Petitioner claimed that her trial counsel denied her effective assistance of counsel during her sentencing by failing to proffer expert testimony as to her mental illness and drug addiction.[3] According to Petitioner, had her trial counsel proffered substantiating expert testimony as to her mental condition, the trial court would have found the existence of a mitigating factor—specifically, the existence of "substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense[,]" N.J.S.A. 2C:44-1b(4)—and, moreover, would have sentenced Petitioner to an imprisonment term lower than that recommended pursuant to the plea agreement, or would have found that Petitioner did not qualify under NERA. Petitioner argued to the PCR court that, based on her history of psychiatric illness described in the presentence report, defense counsel should have submitted Petitioner to a psychiatric evaluation to garner expert evidence to be used to support a claim for a mitigating factor during her sentencing. Moreover, Petitioner submitted that defense counsel's failure to do so constituted ineffective assistance of counsel, thereby

---

[3] Petitioner also argued that the trial court improperly subjected her to a mandatory period of parole ineligibility under NERA—a question of state statutory law.

denying her of her constitutional right secured by the Sixth Amendment.

On January 28, 2005, the PCR court denied Petitioner's request for a PCR evidentiary hearing, as well as her PCR application. *State v. Ramey*, No. 97-5047 (Super. Ct., Law Div., Jan. 28, 2005). Having heard oral argument on the matter, the PCR court specifically rejected Petitioner's claim that her trial counsel denied her of effective assistance of counsel. Petitioner appealed that order to the Appellate Division, which affirmed the trial court in an unpublished *per curiam* opinion dated June 19, 2006. *State v. Ramey*, No. A-4564-04 (App. Div., June 19, 2006). The Appellate Division found that Petitioner "failed to make a sufficient showing to warrant an evidentiary hearing on the [ineffective assistance of counsel] claim." *Id.* at 2. It reasoned that "she has not presented sufficient evidence that trial counsel was deficient, or that but for such deficiency, the result of her case would have been different." *Ibid.* On June 30, 2006, Petitioner filed a petition for certification to the Supreme Court of New Jersey, which denied the petition. *State v. Ramey*, 188 N.J. 490 (Oct. 5, 2006).

Having exhausted her state court remedies, Petitioner filed *pro se* the present petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 20, 2007. In that petition, Petitioner set forth three grounds on which she claimed entitlement to habeas relief: (1) "Trial Counsel was Ineffective[,]" in that "Counsel did not introduce expert testimony and/or evidence as to [Petitioner]'s mental condition[;]" (2) "Post-Conviction Relief should have been granted[,]" on the basis that Petitioner's "sentence was illegal and presents exceptional circumstances[;]" and (3) Petitioner "presented at least a Prima Facie showing of Ineffective Assistance of Counsel" such that "[t]he [t]rial court should have granted her an evidentiary hearing on the issues [presented] in her petition." (Ramey Petition at 4). Respondents oppose the petition,

contending that Petitioner cannot collaterally attack her sentence entered in a state court as excessive through a habeas petition, and that Petitioner is not entitled to habeas relief because she failed to show that the state court unreasonably applied federal law to her ineffective assistance of counsel claim.

## II.     DISCUSSION

### A.     Standard of Review Under 28 U.S.C. § 2254

A federal district court has jurisdiction to entertain a petition for a writ of habeas corpus filed by an individual "in custody pursuant to the judgment of a State court[,]" but "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). *Accord Barry v. Bergen County Prob. Dep't*, 128 F.3d 152, 159 (3d Cir. 1997) (noting that "purpose of a reviewing court in a habeas proceeding . . . is to review state cases for violations of federal constitutional standards" (internal quotation marks omitted)). Review is limited because "[f]ederal courts hold no supervisory authority over state judicial proceedings" and, thus, "may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Accordingly, "[i]f a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982).

Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), *reh'g denied*, 126 S. Ct. 1163 (2006). Similarly, "it is well

established that a state court's misapplication of its own law does not *generally* raise a constitutional claim." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (internal quotation and editing marks omitted); *see also Smith v. Zimmerman*, 768 F.2d 69, 73 (3d Cir. 1985) (holding that "mere error of state law is not a denial of due process" (internal quotation marks omitted)). In accordance with that principle, a federal court may not re-characterize a ground asserted under state law into a federal constitutional claim. *Kontakis v. Beyer*, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (finding that federal court cannot transform claim of improper exclusion of testimony under state law, as set forth in § 2254 petition, into claim of improper exclusion of testimony under federal due process law); *see also Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983) ("It has never been thought that decisions under the Due Process Clause establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure." (internal quotation and editing marks omitted)).  Further, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997).

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, further limits a federal court's authority to grant habeas relief when a state court has adjudicated a petitioner's federal claim on the merits.  *See* 28 U.S.C. § 2254(d).  If a state court adjudicated on the merits petitioner's federal claim, then a federal court must deny the writ unless the state court's adjudication of the claim either involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence before the court.  *See* 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

> An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only those claims that were "adjudicated on the merits in State Court proceedings." 28 U.S.C. § 2254(d). "An adjudication on the merits has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004) (internal quotation marks omitted), *rev'd on other grounds sub nom. Rompilla v. Beard*, 545 U.S. 374 (2005); *see also Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006) ("AEDPA limits a federal court's authority to grant habeas relief when a state court has previously considered and rejected the federal claim on the merits.") Also, "[a] state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever." *Ibid.* In contrast, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a *de novo* review of the claim." *Rolan*, *supra*, 445 F.3d at 678.

In this instance, because the New Jersey courts adjudicated Petitioner's claims on the merits, this Court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied. *See*

28 U.S.C. § 2254(d). Accordingly, this Court may not grant habeas relief to Petitioner unless the adjudication of her federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, *see* 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and Petitioner is in custody in violation of the Constitution or laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), (d)(2).

The grounds raised in the Petition here are governed by 28 U.S.C. § 2254(d)(1), which prohibits a district court from granting habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law includes "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). A decision is "contrary to" a Supreme Court holding within the meaning of 28 U.S.C. § 2254(d)(1) if it "contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." *Id.* at 73. *Accord Thomas v. Varner*, 428 F.3d 491, 497 (3d Cir. 2005) ("The unreasonable application test is an objective one-a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." (quoting *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005))).

### B. Analysis

As a threshold matter, the Court finds, construing the habeas petition presented, that the only claim properly presented in a 2254 petition is the claim that Petitioner's trial counsel denied her of effective assistance of counsel. Petitioner's claims that the PCR court should have held an evidentiary hearing and that her sentence is excessive are questions of state statutory law: whether a state court holds an evidentiary hearing on a petition for post-conviction relief is within the discretion of the trial judge pursuant to state law; and whether a sentence entered in a state court is illegal on the basis that the trial court failed to find a mitigating factor under N.J.S.A. 2C:44-1b requires an interpretation of state statutory law.[4]  In respect of the latter issue, it has been established that "a federal court's ability to review state sentences is limited to challenges based upon 'proscribed federal grounds such as being cruel and unusual, racially ethnically motivated, or enhanced by indigencies.'" *Williams v. Balicki*, 2007 WL 4440162, *6 (D.N.J. Dec. 14, 2007) (quoting *Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987)).  As a result, "a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate constitutional limitation." *Ibid.*  Here, Petitioner has not affirmatively alleged a violation of "a separate constitutional limitation." *Ibid.*  Therefore, these state claims are not subject to federal habeas review. *See Bradshaw*, *supra*, 546 U.S. at 76 (finding that "state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").

Accordingly, the Court considers only Petitioner's claim asserted under federal law: that

---

[4] Indeed, Petitioner does not frame these issues as abridging her constitutional rights, such as her due process rights.  Moreover, the Court must refrain from re-characterizing a ground asserted under state law into a federal constitutional claim. *Kontakis*, *supra*, 19 F.3d at 116-17.

is, that Petitioner's trial counsel denied her of effective assistance of counsel, such that it violated her constitutional right and warrants habeas relief.  The issue is thus formed as whether the New Jersey courts' adjudication of Petitioner's ineffective assistance of counsel claim involved an unreasonable application of clearly established Supreme Court law.

In this particular instance, the Court initially recognizes that the applicable "clearly established Federal law" is the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that: (1) in light of the facts at the time of her counsel's conduct, counsel's performance fell below an objective standard of reasonableness, *id.* at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" *id.* at 694.  *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005).  In other words, to rise to constitutional dimensions, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, *supra*, 466 U.S. at 687.  Under the first prong of the *Strickland* standard, the Court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.  To do so, the Court must be wary of "the distorting effects of hindsight." *Id.* at 689.  For that reason, the Supreme Court of the United States has warned that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Ibid.* (internal quotation marks omitted).

Only if the Petitioner satisfies the first *Strickland* prong, demonstrating deficient

performance by counsel, does the Court consider the second prong. Under that prong, the burden is on the petitioner to show that counsel's substandard performance actually prejudiced his defense. *Id.* at 687. A petitioner may show prejudice by proving that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid.* Moreover, the Court must evaluate the effect of any errors in light of the totality of the evidence. *Id.* at 695.

Here, the PCR court considered Petitioner's ineffective assistance of counsel claim based on her counsel's alleged failure to present mitigation evidence of her mental state and drug addiction. The PCR court found the claim without merit, stating:

> [Petitioner] has failed to make a prima facie case to support her claim. She's requesting a hearing to establish why her drug and alcohol history was not cited as mitigating factors and why her psychiatric history of mental illness was never mentioned at her sentence.
> That was. I remember it was mentioned. The attorney there did mention it. It was in the presentence report.
> So I don't find that her attorney was ineffective because he did not hire an expert to substantiate her mental health issues and addiction to heroin.
> I also find that all relevant evidence was considered at the time of sentencing. The presentence report clearly detailed [Petitioner]'s history of drug abuse. [Petitioner]'s attorney pointed out that [Petitioner] committed several of her crimes in order to support her heroin addiction. However, this Court refused to entertain this rationale as a mitigating factor.
> . . .
> In this case. . . [Petitioner] argues that her counsel was ineffective because he failed to emphasize her extensive psychiatric history during her sentencing.
> But there is nothing in the record to suggest that she has an extensive psychiatric history. She has numerous municipal court convictions and superior court convictions. The record is devoid of any reference to her having any type of psychiatric defense or psychiatric treatment as a condition of her many sentences.
> . . .
> So I find that there is no competent credible evidence to show that her mental state would act to mitigate her sentence.

(Transcript, *State v. Ramey*, No. 97-5047 (Jan. 28, 2005) ("PCR Tr.") 18:5-25, 19:9-19, 20:3-5). After discussing the standard for establishing a claim for ineffective assistance of counsel, under state law which parallels the *Strickland* standard, *New Jersey v. Fritz*, 105 N.J. 42 (1987), the PCR court found that Petitioner's trial counsel did in fact submit evidence of Petitioner's drug addiction in support of mitigation and that counsel was not deficient in failing to retain a psychiatric expert. (PCR Tr. 21-22). Specifically, the court stated that "it cannot be said that [the] decision [not to retain an expert] was beyond the wide range of professional discretion and what's shown in the presentence report certainly doesn't show enough to warrant that there would have been a defense under those reasons." (PCR Tr. 21:25, 22:1-4). Thus, the PCR court denied Petitioner's claim of ineffective assistance of counsel. Petitioner appealed that decision to the Appellate Division, which affirmed the PCR court, finding that Petitioner had "not presented sufficient evidence that trial counsel was deficient, or that but for such deficiency, the result of her case would have been different." *State v. Ramey*, No. A-4564-04, 2 (App. Div., June 19, 2006).

After careful review of the record in this matter, the Court finds that Petitioner has failed to show either prong of the *Strickland* standard. Notably, Petitioner's claim that her trial counsel failed to argue for mitigation of Petitioner's sentence on the basis of her mental condition and drug addiction is clearly inaccurate. The record clearly shows that Petitioner's presentence report is replete with information as to Petitioner's substance abuse problems, her depressive and anxious condition, and the level of her psychiatric treatment. Thus, Petitioner's counsel did indeed have that mitigating information submitted to the sentencing court. In addition, Petitioner has not demonstrated that her counsel's performance was deficient by failing to retain an expert

psychiatrist to evaluate the extent of Petitioner's mental condition. As found by the PCR court, this decision cannot amount to being beyond the scope of reasonable professional discretion, particularly in light of the evidence submitted in the presence report.

Further, Petitioner cannot establish that there is a reasonable probability that, but for counsel's failure to submit an expert opinion as to Petitioner's mental condition, the sentencing court would have sentenced Petitioner to a term lower than that recommended, and agreed upon, in the plea agreement. Indeed, the sentencing court, after considering the presentence report detailing the extent of Petitioner's drug addiction and mental condition, found that Petitioner's condition did not warrant a finding of a mitigating factor. Moreover, even if the sentencing court did determine that Petitioner's condition warranted the finding of a mitigating factor, there is nothing to suggest that the court would have further found that the numerous existing aggravating factors did not outweigh the one mitigating factor, and that a sentence recommended pursuant to a plea agreement was unreasonable and unwarranted. *See New Jersey v. Pillot*, 115 N.J. 558, 566 (1989) (holding that "the sentence imposed conformed to the plea bargain, and hence is presumed reasonable").

Because Petitioner's ineffective assistance of counsel claim is without merit, the Court cannot find that the state courts' denials of that claim, under the appropriate two-pronged standard, involved an unreasonable application of clearly established Supreme Court law, *see* 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner has not met her burden as required by 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to habeas relief for her ineffective assistance of counsel claim.

### C. Certificate of Appealability

Finally, the AEDPA provides that, in order for an appeal to be taken to a court of appeals from a final order in a § 2254 proceeding, the district judge must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner may meet this standard if "jurists of reason could disagree with the district court's resolution of h[er] constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying that standard here, the Court finds that jurists of reason could not disagree with this Court's resolution of Petitioner's ineffective assistance of counsel claim and that the issues presented are not sufficient enough to encourage further review. Therefore, the Court will not issue a certificate of appealability.

### III. CONCLUSION

For the reasons expressed above, the Court denies the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denies any request for a certificate of appealability. An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: March 3, 2008